IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CRAYTONIA LATROY BADGER**                                                    **PETITIONER**

**versus**                                         **CIVIL ACTION NO. 5:16-cv-102-DCB-MTP**

**AMITE COUNTY CIRCUIT COURT**                                              **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is Respondent's Motion to Dismiss [5] based on Petitioner's failure to exhaust state court remedies. Petitioner has responded to the motion.[1] Having considered the record and the applicable law, the undersigned recommends that the Respondent's Motion to Dismiss [5] be GRANTED.

### Background

Petitioner, Craytonia Badger, proceeding *pro se* and *in forma pauperis*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 27, 2016. Petitioner until just recently was incarcerated in Arkansas.[2] *See* Change of Address [18]. He was just recently extradited to Mississippi. *Id.* In his Petition [1], Badger seeks to enforce his speedy trial right in certain criminal matters pending in the Circuit Court of Amite County, Mississippi.[3] He further claims that he was falsely arrested because of a defective warrant, argues that his appointed counsel is incompetent, and desires to proceed *pro se* in his state court matters.[4] He

---

[1] Petitioner filed a "Motion [11] to Amend Traverse Reply or Alternatively to Reply to Respondent's . . . New Submissions." The undersigned construes this as a response to the motion to dismiss.

[2] When the petition was initially filed petitioner was incarcerated in Tennessee.

[3] The filings indicate that the case numbers of the criminal matters Petitioner refers to are 15-KR-016 and 15-KR-023B. See[1] at 2; [10-1].

[4] Specifically, Petitioner raised the following grounds and request for relief (as stated by

contends that he filed motions in the circuit court on these issues, but the court will not rule as the matter was stayed. Petitioner requests an order from this Court directing the State to bring one of his Amite County criminal matters to trial and commence an arraignment in his other criminal matter or, alternatively, that this Court dismiss the state charges. *See* [1] at 8.

In the Motion to Dismiss [5], Respondent contends that the instant petition should be dismissed because Petitioner has failed to exhaust state court remedies. Since the motion [5] was filed, one of Petitioner's criminal matters has been set for trial for July 25, 2017, in Amite County, and motions pertaining to the issues presented in the instant petition are pending before that court. *See* Generally [14] and Exhibits. Accordingly, the undersigned recommends the Motion [5] to Dismiss be GRANTED, and the petition be dismissed without prejudice.

## Analysis

Petitioner, as a pre-trial detainee, seeks to enforce Mississippi's obligation to promptly bring him to trial under the Sixth Amendment. His petition is properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224, 226 (5th Cir. 1987); *see also Brown v. Estelle*, 530 F.2d 1280,

---

Petitioner):
    Ground One: Denial of defendant sixth amendment right to a speedy and
            public trial.
    Ground Two: Violation of petitioner right to due process of law and lack of
            subject matter jurisdiction.
    Ground Three: Violation of defendant sixth amendment right competent
            counsel or counsel of choice.
    Request for relief: (1) That this court orders the circuit court to commence trial
            in this matter within 30 days of the court ruling or dismiss
            charges. (2) That the circle court commence an arrangement
            within 30 days in docket 2015-023B. (3) That
            the circuit respect defendant right to represent himself under
            the sixth amendment.

1283 (5th Cir. 1976). Petitioner meets the "in custody" requirement of Section 2241 even though he was in the Arkansas prison system. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 n.4 (1973) ("Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. s 2241(c)(3).").[5] However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

"[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." *Dickerson*, 816 F.2d at 226. However, requesting an order granting Petitioner a prompt trial is a proper request for pre-trial habeas relief. "Under *Braden* this request may be considered by pre-trial habeas provided that the state courts have had an opportunity to rule on the issue." *Id.* at 228. "[T]here is a distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Id.* at 226 (quoting *Brown*, 530 F.2d at 1283). "This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second." *Brown*, 530 F.2d at 1283. "While the former objective is normally not attainable through federal

---

[5] *See* Petition [1].

3

habeas corpus, the latter is . . . ." *Id.* Here, Petitioner seeks an order that he be brought to trial.[6]

However, in order to obtain habeas relief, Petitioner is required to exhaust his available state remedies. *Dickerson*, 816 F.2d at 225 (stating "federal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"); *Brown*, 530 F.2d at 1283 (5th Cir. 1976). "The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.* "In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." *See Hudson v. Mississippi*, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009).

An Amite County Circuit Court Order signed on September 6, 2016, indicates that Petitioner has filed numerous pleadings seeking a speedy trial in his two criminal matters in Amite County, in addition to many filings in the Mississippi Supreme Court. *See* [1] at 17-18. This Order also outlines the sequence of events in Petitioner's criminal matters:

> [D]efendant was indicted in cause number 15-KR-016 of this court for burglary, as an habitual offender. The indictment was filed on April 13, 2015. The defendant was out on bond at the time of his indictment, having previously been incarcerated at the Amite County Jail.
>
> The defendant was arraigned on April 16, 2015, appointed counsel and allowed to remain out on the same bond pending his trial which was set for September

---

[5] Until just recently Petitioner was incarcerated in Arkansas.

[6] He also requested, alternatively, that the charges be dismissed; however, as discussed above that is not an available remedy to Petitioner in a pre-trial habeas petition. *See Dickerson*, 816 F.2d at 226.

4

> 16, 2015.[7] The defendant failed to appear for his trial and a bench warrant was issued by the court on September 16, 2015. Apparently, the defendant was incarcerated in Arkansas' correctional system by the time of his trial.
>
> The defendant was also indicted on June 30, 2015, in cause number 15-KR-32B of this court, for possession of a controlled substance in jail, and conspiracy to possess a controlled substance in jail, as an habitual offender, both allegedly committed on February 26, 2015, when he had been in the Amite County Jail previously. The defendant has not been arraigned on said indictment, due to his absence from the jurisdiction of the court.

In that order, the court found that because Badger was outside the jurisdiction of the Amite County Circuit Court in the Arkansas correctional system "that his numerous motions for a speedy trial should be stayed, pending his availability to the jurisdiction of the court." *See id*.

After the circuit court stayed the motions for a speedy trial, Petitioner filed a Writ of Mandamus and an Application for an Interculpatory [sic] Appeal in the Mississippi Supreme Court. *See* [1] at 20; [10-1]. The Mississippi Supreme Court issued an order directing the circuit court judge and 6th Circuit Court District Attorney's Office to specifically address how this stay complies with *Smith v. Hooey*, 393 U.S. 374, 383 (1969), which states that "[u]pon the petitioner's demand, [a state] ha[s] a constitutional duty to make a diligent, good-faith effort to bring him before the ... court for trial."[8] The responses indicated that Petitioner could have proceeded to trial in Mississippi, but instead requested and voluntarily agreed to go to Arkansas so that he could face criminal charges there, with the understanding that he would return to Mississippi

---

[7] Petitioner disputes this version of the facts and contends he "was not on bail prior to arraignment and was not allowed to remain out on bond pending trial." *See* [11] at 2. He points out that Respondent's submissions indicate that he was in the custody of Amite County Sherriff's Department during this time period, as they transported him to Arkansas on May 4, 2015. *See* [10-2] at 2. Regardless, this fact discrepancy does not affect the exhaustion analysis.

[8] *See* Order [5-1].

5

upon resolution of the Arkansas charges.[9] On December 6, 2016, the Mississippi Supreme Court denied the "Writ of Mandamus and the Application for an Interculpatory [sic] Appeal," and the stay remained in place. Petitioner then filed a "Motion for Reconsideration of Mandamus and Interculpatory [sic] Appeal," which the supreme court denied on March 1, 2017. *See* [10-3][10]

      Petitioner's motions pertaining to a request for a speedy trial remained stayed in the Amite County Circuit Court pending his availability in the jurisdiction. The State has represented that it intended to bring petitioner back to Mississippi for trial in one of his criminal matters, and it has now done so. One of petitioner's criminal matters has been set for trial by court order for July 25, 2017, and he has been brought back to Amite County. *See* Order Setting Trial [14-5]; *see* Change of Address [18]. Now that he is back in the jurisdiction, state remedies *via* motions in the state trial court are now available to him, and motions can be addressed in due course by the circuit court. *See* Response [14][11] Accordingly, as petitioner may now seek redress in the state trial

---

[9] *See* [10-2] at 2. Plaintiff claims the real reason that Amite County transported him to Arkansas is that he had head trauma, and they wanted Arkansas to pay for the medical cost. He argues that Respondent has failed to produce any documentation of his request and agreement other than the waiver of extradition to Arkansas. He claims the sheriff informed him that he would be sent to Arkansas to be cared for and would then be brought back to Mississippi. *See* [11] at 3.

[10] *See* also Order Denying Reconsideration, available at https://courts.ms.gov/appellate_courts/docket/sendPDF.php?f=700_298025.pdf&c=83680&a=N&s=2 (last visited July 24, 2017).

[11] It further appears the State is providing petitioner with the relief sought in the instant petition. *See* Order Setting Trial [14-5]. The State represents that Debra W. Blackwell, Assistant District Attorney for the Sixth Circuit Court District, has indicated that she will request that the circuit court arraign Petitioner on his other charges as well. *See* [14] at 3. This action in conjunction with the pending trial would appear to moot the instant petition. Upon learning that the State planned to bring him back to Mississippi for trial, petitioner filed a Motion to Stay All State Court Proceedings asking this Court to stay his trial. *See* Motion [16]. This is the opposite of what Plaintiff requests in his petition – a speedy trial. Regardless, as there are motions pending in the trial court on issues contained in the instant petition and Plaintiff has been returned to Mississippi where his motions can be addressed the undersigned recommends that the petition be dismissed. without prejudice.

6

court, the motion [5] to dismiss for failure to exhaust state court remedies should be GRANTED.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Respondents' Motion to Dismiss [5] be GRANTED, and this petition be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 24th of July, 2017.

      s/Michael T. Parker
      United States Magistrate Judge