IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CRAYTONIA LATROY BADGER                                    PETITIONER

VS.                           CIVIL ACTION NO. 5:16-cv-102(DCB)(MTP)

AMITE COUNTY CIRCUIT COURT                                 RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Respondent's Motion to Dismiss [**docket entry 5**] based on the Petitioner's failure to exhaust state court remedies, and on the Petitioner's Response [docket entry 9] to the Motion to Dismiss. In addition, the Petitioner filed a Motion [**docket entry 11**] to Amend Traverse Reply or Alternatively to Reply to Respondent's ... New Submissions," which the Court construes as an additional Response to the Motion to Dismiss. Also before the Court is the Petitioner's Motion to Stay All State Court Proceedings [**docket entry 16**].

On July 24, 2017, Magistrate Judge Michael T. Parker filed his Report and Recommendation ("R&R") [**docket entry 19**]. On August 10, 2017, the Petitioner filed his Objections to the R&R [docket entry 21], and on August 17, 2017, the Respondent filed a Response to the Petitioner's Objections [docket entry 22]. Having carefully considered the record and the applicable law, the Court finds that the R&R should be adopted by this Court and that the Respondent's Motion to Dismiss should be granted.

The Petitioner, Craytonia Badger ("Badger"), proceeding <u>pro se</u>

and in forma pauperis, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on October 27, 2016. Until recently, Badger was incarcerated in Arkansas.[1] See Change of Address [docket entry 8]. He was just recently extradited to Mississippi. Id. In his Petition, Badger seeks to enforce his speedy trial right in certain criminal matters pending in the Circuit Court of Amite County, Mississippi.[2] He further claims that he was falsely arrested because of a defective warrant, argues that his appointed counsel is incompetent, and desires to proceed pro se in his state court matters.[3] He contends that he filed motions in the circuit court on these issues, but that the circuit

---

[1] When the petition was initially filed the petitioner was incarcerated in Tennessee.

[2] The filings indicate that the case numbers of the criminal matters Petitioner refers to are 15-KR-016 and 15-KR-023B. See Petition [1] at p.2; [10-1].

[3] Specifically, the Petitioner raised the following grounds and request for relief, quoted verbatim:

    Ground One: Denial of defendant sixth amendment right to a speedy and public trial.

    Ground Two: Violation of petitioner right to due process of law and lack of subject matter jurisdiction.

    Ground Three: Violation of defendant sixth amendment right competent counsel or counsel of choice.

    Request for Relief: (1) That this court orders the circuit court to commence trial in this matter within 30 days of the court ruling or dismiss charges. (2) That the circle court commence an arrangement within 30 days in docket 2015-023B. (3) That the circuit respect defendant right to represent himself under the sixth amendment.

See Petition [1].

court would not rule on the motions as the matter was stayed. Badger requests an order from this Court directing the State to bring one of his Amite County criminal matters to trial and commence an arraignment in his other criminal matter or, in the alternative, requests that this Court dismiss the state charges. [docket entry 1] p.8.

In the Motion to Dismiss [docket entry 5], the Respondent contends that the instant petition should be dismissed because the Petitioner has failed to exhaust his state court remedies. After the Respondent's Motion to Dismiss was filed, one of the Petitioner's criminal matters was set for trial in Amite County, and motions pertaining to the issues presented in the instant petition were presented to court. See [docket entry 14] and Exhibits thereto.

The Petitioner, as a pre-trial detainee, seeks to enforce Mississippi's obligation to promptly bring him to trial under the Sixth Amendment. His petition is properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." Dickerson v. State of La., 816 F.2d 220, 224, 226 (5th Cir. 1987); see also Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976). The Petitioner meets the "in custody" requirement of Section 2241 even though he was in the Arkansas prison system. See Dickerson, 816 F.2d at 225; see

3

also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489 n.4 (1973)("Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3).")[4] However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Id. at 493.

"[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." Dickerson, 816 F.2d at 226. However, requesting an order granting a petitioner a prompt trial is a proper request for pre-trial habeas relief. "Under Braden this request may be considered by pre-trial habeas provided that the state courts have had an opportunity to rule on the issue." Id. at 228. "[T]here is a distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial

---

[4] As previously noted, until just recently Badger was incarcerated in Arkansas.

4

processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." Id. at 226 (quoting Brown, 530 F.2d at 1283). "This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second." Brown, 530 F.2d at 1283. "While the former objective is normally not attainable through federal habeas corpus, the latter is ...." Id.

Petitioner Badger seeks an order that he be brought to trial.[5] However, in order to obtain habeas relief, the Petitioner is required to exhaust his available state remedies. Dickerson, 816 F.2d at 225 (stating that "federal courts should abstain from the exercise of ... jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"); Brown, 530 F.2d at 1283 (5th Cir. 1976). "The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their

---

[5] He also requests, alternatively, that the charges be dismissed; however, as discussed above, that is not an available remedy to the Petitioner in a pre-trial habeas petition. See Dickerson, 816 F.2d at 226.

jurisdictions as well as to limit federal interference in the state adjudicatory process." Id. "In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." Hudson v. Mississippi, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009).

An Amite County Circuit Court Order signed on September 6, 2016, indicates that Badger has filed numerous pleadings seeking a speedy trial in his two criminal matters in Amite County, in addition to numerous filings with the Mississippi Supreme Court. See [docket entry 1] pp.17-18; [docket entry 5][document 5-1]. The Amite County Circuit Court Order also outlines the sequence of events in Badger's criminal matters:

> [D]efendant was indicted in cause number 15-KR-016 of this court for burglary, as an habitual offender. The indictment was filed on April 13, 2015. The defendant was out on bond at the time of his indictment, having previously been incarcerated at the Amite County Jail.
>
> The defendant was arraigned on April 16, 2015, was appointed counsel, and was allowed to remain out on the same bond pending his trial which was set for September 16, 2015.[6] The defendant failed to appear for his trial and a bench warrant was issued by the court on September 16, 2015. Apparently, the defendant was incarcerated in Arkansas' correctional system by the time of his trial.

---

[6] The Petitioner disputes this version of the facts and contends that he "was not on bail prior to arraignment and was not allowed to remain out on bond pending trial." See [docket entry 11] at p.2. He points out that Respondent's submissions indicate that he was in the custody of the Amite County Sheriff's Department during this time period, and was subsequently transported to Arkansas on May 4, 2015. See [docket entry 10-2] at p.2. Regardless, this fact discrepancy does not affect the exhaustion analysis.

> The defendant was also indicted on June 30, 2015, in cause number 15-KR-32B of this court, for possession of a controlled substance in jail, and conspiracy to possess a controlled substance in jail, as an habitual offender, both allegedly committed on February 26, 2015, when he had been in the Amite County Jail previously. The defendant has not been arraigned on said indictment, due to his absence from the jurisdiction of the court.

In the Amite County Circuit Court Order of September 6, 2016, the court also found that because Badger was outside the jurisdiction of the Amite County Circuit Court, and in the Arkansas correctional system "... his numerous motions for a speedy trial should be stayed, pending his availability to the jurisdiction of the court." See Amite County Circuit Court Order of September 6, 2016, at [docket entry 1] pp.17-18; [docket entry 5][document 5-1].

After the circuit court stayed the motions for a speedy trial, Badger filed a "Writ of Mandamus and an Application for an Interculpatory [sic] Appeal" in the Mississippi Supreme Court. See [docket entry 1] at p.20; [docket entry 10-1]. The Mississippi Supreme Court issued an order directing the circuit court judge and the 6th Circuit District Attorney's Office to specifically address how this stay complies with Smith v. Hooey, 393 U.S. 374, 383 (1969), which states that "[u]pon the petitioner's demand, [a state] ha[s] a constitutional duty to make a diligent, good-faith effort to bring him before the ... court for trial."[7] The

---

[7] See Respondent's Motion to Dismiss [docket entry 5] Exhibit A (Document 5-1 at p.1).

7

responses indicated that the Petitioner could have proceeded to trial in Mississippi, but instead requested and voluntarily agreed to go to Arkansas so that he could face criminal charges there, with the understanding that he would return to Mississippi upon resolution of the Arkansas charges.[8] On December 6, 2016, the Mississippi Supreme Court denied the "Writ of Mandamus and the Application for an Interculpatory [sic] Appeal," and the stay remained in place. Badger then filed a "Motion for Reconsideration of Mandamus and Interculpatory [sic] Appeal," which the Mississippi Supreme Court denied on March 1, 2017. See [docket entry 10-3].[9]

The Petitioner's motions pertaining to a request for a speedy trial remained stayed in the Amite County Circuit Court pending his availability in that jurisdiction. The State has represented that it intended to bring the Petitioner back to Mississippi for trial in one of his criminal matters, and that it has now done so. One of the Petitioner's criminal matters has been set for trial by court order, and the Petitioner has been brought back to Amite County. See Order Setting Trial at document [14-5]; and Change of

---

[8] See [docket entry 10-2] at p.2. The Petitioner claims that the real reason Amite County transported him to Arkansas was that he had head trauma, and Amite County wanted Arkansas to pay for the medical cost. Badger argues that the Respondent has failed to produce any documentation of his request and agreement other than the waiver of extradition to Arkansas. He claims that the Amite County Sheriff informed him that he would be sent to Arkansas to be cared for and would then be brought back to Mississippi. See [docket entry 11] at p.3.

[9] See also Order Denying Reconsideration, available at https://courts.ms.gov/appellate_courts.

Address [docket entry 18]. Now that Badger is back within the jurisdiction of Amite County, state remedies via motions in the state trial court are available to him, and motions can be addressed in due course by the circuit court. See [docket entry 14] and Exhibits thereto.[10] Therefore, inasmuch as the Petitioner may now seek redress in the state trial court, Magistrate Judge Parker recommends that the Respondent's Motion to Dismiss be granted, and that Badger's Petition be dismissed without prejudice.

On August 10, 2017, the Petitioner filed his Objections to Magistrate Judge Parker's Report and Recommendation. In his Objections, he claims that he exhausted his state court remedies. Further, he argues that this Court erred "by failing to issue a stay of all state court proceedings, because the manner [...] which the [state] court used to extradite the petitioner from Arkansas to Mississippi was illegal and violated the Extradition Clause." [docket entry 21] p.2.

---

[10] It further appears the State is providing the Petitioner with the relief sought in his Petition. See Order Setting Trial [document 14-5]. The State represents that Debra W. Blackwell, Assistant District Attorney for the Sixth Circuit Court District, has indicated she will request that the circuit court arraign Petitioner on his other charges as well. See [docket entry 14] at p.3. This action in conjunction with the pending trial would appear to moot the instant petition. Upon learning that the State planned to bring him back to Mississippi for trial, Badger filed a Motion to Stay All State Court Proceedings, asking this Court to stay his trial. See Motion [docket entry 16]. This is the opposite of what Badger requests in his petition – a speedy trial. Regardless, as there are motions pending in the trial court on issues contained in the instant petition, and the Petitioner has been returned to Mississippi, where his motions can be addressed, Magistrate Judge Parker recommends that the petition be dismissed without prejudice.

As previously discussed, federal courts should abstain from the exercise of jurisdiction if the issues raised in the Petition can be resolved either by trial on the merits in the state court or by other procedures available to the Petitioner. The exhaustion doctrine was designed "on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." Brown, 530 F.2d at 1283.

In order for Badger to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court. Hudson, 2009 WL 2487930, at *1. Badger was indicted in April of 2015, and was out on bond at the time, having previously been incarcerated in the Amite County Jail. He was arraigned on April 16, 2015, was appointed counsel, and was allowed to remain out on his existing bond pending his trial date of September 16, 2015. However, as the Amite County Circuit Court found, Badger failed to appear for his trial because he was incarcerated in the Arkansas correctional system.

Badger was indicted again in Amite County on June 30, 2015, on other charges, but was not arraigned because he was outside the jurisdiction of the Amite County Circuit Court. Badger could have proceeded to trial in Mississippi, but instead chose to go to Arkansas to face his criminal charges there, with the understanding

10

that he would return to Mississippi upon resolution of the Arkansas charges. The Amite County charges remained stayed pending Badger's return to Mississippi. He has now returned to Mississippi.

At the time Magistrate Judge Parker's R&R was entered, the Petitioner was awaiting trial in Amite County, and all state remedies were available to him in the Amite County Circuit Court. Furthermore, the Respondent's Response to Petitioner's Objections filed on August 17, 2017 [docket entry 22] indicates that Badger's trial in the state court has concluded. Badger was convicted of burglary of a storehouse in Amite County Circuit Court (Cause no. 15-KR-016). By Order dated July 26, 2017, the trial court sentenced Badger as an habitual offender to serve a term of seven (7) years in the custody of the Mississippi Department of Corrections. See Order Upon Jury Verdict of Guilty - Habitual Offender [document 22-1].

On the state's motion, the Circuit Court entered an Order of Nolle Prosequi as to Badger's remaining charges of possession of a controlled substance in jail and conspiracy to possess a controlled substance in jail in Amite County Circuit Court (Cause no. 15-KR-0032). See Order of Nolle Prosequi [document 22-2]. Therefore, the relief sought by Badger in the instant Petition (i.e. an order from this Court directing the State to bring his burglary charge to trial and commence arraignment on the drug charges or, alternatively, to dismiss his state charges) is no longer an

available remedy in light of these recent proceedings in the Amite County Circuit Court.  Thus, as Magistrate Judge Parker predicted, Badger's Petition has been rendered moot.  See footnote 10, supra, noting that Magistrate Judge Parker recommends dismissal of the Petition without prejudice.

The relief sought by Badger in his Petition (an order from this Court directing the State to bring his burglary charge to trial and commence arraignment of the drug charges or, alternatively, to dismiss his state charges (see [docket entry 1] p.8)), is no longer an available remedy, given the recent proceedings in the Amite County Circuit Court.  Badger is no longer a pre-trial detainee, and his Petition  for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 shall be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation of July 24, 2017 [**docket entry 19**] is ADOPTED in its entirety as the findings and conclusions of this Court;

FURTHER ORDERED that because the Court treats the Petitioner's "Motion to Amend Traverse Reply or Alternatively to Reply to Respondent's ... New Submissions" [**docket entry 11**] as an additional Response to the Motion to Dismiss, and not as a Motion per se, it is DENIED AS MOOT;

FURTHER ORDERED that the Petitioner's Motion to Stay All State

Court Proceedings [**docket entry 16**] is DENIED;

FURTHER ORDERED that the Respondent's Motion to Dismiss [**docket entry 5**] is GRANTED;

FURTHER ORDERED that the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is dismissed without prejudice.

A Final Judgment shall be entered this date in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the Petitioner's Petition without prejudice.

SO ORDERED, this the 21st day of August, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE